UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JUSTIN CARROLL, on behalf of himself and all others    :
similarly situated,    :

    : No.:1:25 Civ. 0402 (MAD/TWD)
    :
Plaintiff,    :
    - against -    : **CLASS AND COLLECTIVE**
    : **ACTION COMPLAINT**
HENKEL US OPERATIONS CORP.,    :
    :
Defendant.    :

------------------------------------------------------------------------X

Plaintiff Justin Carroll, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys Kessler Matura P.C. and the Law Offices of Raphael A. Katri, complaining of Henkel US Operations Corp. ("Defendant"), alleges as follows:

## <u>INTRODUCTION</u>

1.    Defendant is an international manufacturer of branded household and personal care goods, employing about 9,000 employees at nearly 70 sites across the continental U.S., Canada, and Puerto Rico.

2.    Plaintiff worked at Defendant's 650,000 square-foot facility in Geneva, New York.

3.    Defendant's time-and-payroll system rounded its employee's punch-ins and punch-outs down, in its favor.  Aa a result, Defendants failed to apply a neutral rounding policy and failed to pay their non-exempt Geneva employees ("Factory Workers") all their time worked, including overtime hours.

4.    Plaintiff now brings the First Cause of Action, pursuant to Section 216(b) of the FLSA, on behalf of the "Collective," which is defined as:

> All non-exempt, hourly-paid Factory Workers employed by Defendant at any time since March 29, 2022, who worked over 40 hours in a workweek.

5. Plaintiff brings the Second and Third Causes of Action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") on behalf of the "NYLL Class," which is defined as follows:

> All non-exempt, hourly-paid Factory Workers employed by Defendant at any time since March 29, 2019 (together with the Collective, the "Class" or "Class Members").

## THE PARTIES

### Plaintiff Justin Carroll

6. Plaintiff Justin Carroll is an individual who resides in Columbia County, New York.

7. Carroll was employed by Defendant as a Factory Worker from about October 2020 through April 2022.

8. At all times relevant to the Complaint, Marrero was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all times relevant to the Complaint, Marrero was an "employee" within the meaning of N.Y. Lab. Law §§ 190(2), 651(5).

### Defendant Henkel US Operations Corp.

10. Upon information and belief, Defendant was and still is a foreign corporation, authorized to do business pursuant to the laws of the State of New York.

11. Defendant's principal place of business is located in Connecticut.

12. Defendant's headquarters are located at One Henkel Way, Rocky Hill, Connecticut 060607.

13. Defendant is incorporated in Delaware.

14. Defendant operates a facility that is approximately 650,000 square-feet in Geneva, New York.

15.    Defendant acquired the facility in 2018.

16.    The Geneva facility is located at 300 Forge Avenue, Geneva, NY 14456.

17.    The Geneva facility supports Defendant's Beauty Care business, producing products from brands including Dial, Joico, and Zotos Professional.

18.    The Geneva facility operates around the clock.

19.    The Geneva facility includes a manufacturing site and distribution center.

20.    Defendant, at times during the last six years, has employed around 500 employees over the course of the workweek at the facility.

21.    In September 2020, Defendant announced that it was investing $23 million in its North American manufacturing facilities. This investment was estimated to create 180 new jobs at the facility.

22.    Defendant maintained control, oversight, and direction over its operations and employment practices.

23.    At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of 29 U.S.C. § 203(d).

24.    At all times hereinafter mentioned, Defendant was and still is an "employer" within the meaning of N.Y. Lab. Law §§ 190(3), 651(6).

25.    At all times hereinafter mentioned, Defendant employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

26.    Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## JURISDICTION

27.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., 28 U.S.C. §§ 1331 and 1337.

28.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

29.     This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act.

30.     Upon information and belief, there are Class Members who are citizens of states other than Defendant.

31.     Plaintiff seeks backpay and an additional amount equal to the 100% of the Class's unpaid wages, pursuant to the FLSA and NYLL.

32.     The amount in controversy for Plaintiffs and the Class Members exceeds $5,000,000, exclusive of interest and costs.

## VENUE

33.     Defendant does business in Geneva, New York.

34.     As outlined below, the work performed by the Class and failure to pay wages, which give rise to the action, occurred in Ontario County, New York.

35.     Accordingly, this action properly lies in the Northern District of New York, pursuant to 28 U.S.C. § 1391.

## COLLECTIVE ACTION CLAIMS

36.     Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the Collective.

37. Upon information and belief, there are more than 800 current and former employees that are similarly situated to Plaintiff who were denied proper overtime wages.

38. Plaintiff represents other employees and is acting on behalf of Defendant's current and former employees' interests as well as his own interests in bringing this action.

39. Defendant unlawfully failed to pay Plaintiff and the Collective for all overtime hours worked.

40. Defendant was aware or should have been aware that the law required it to pay Plaintiff and the Collective for all hours worked.

41. The Collective is readily identifiable and locatable through Defendant's records.

42. The Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings the Second, Third, and Fourth Causes of Action on behalf himself and the Class, pursuant to subsections (a) and (b) of Rule 23.

44. The persons in the Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

45. Upon information and belief, the size of the Class exceeds 600.

46. This matter is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the putative Class, including but not limited to:

    a. whether Defendant failed to pay overtime wages for all hours worked;

    b. whether Defendant improperly rounded down the Class's time punches;

    c.   whether Defendant improperly failed to record the Class's hours worked on their paystubs; and

    d.   whether Defendant's failure to pay Plaintiff and the Class all earned wages due to them resulted from a reasonable, good-faith belief that its payment payroll practice complied with the NYLL.

47.    Plaintiff fairly and adequately protects the interests of the Class and has no interests antagonistic to the Class.

48.    Plaintiff is represented by attorneys who are experienced and competent in both class-action and employment litigation.

49.    A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in court against the corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

50.    Further, Plaintiff and the Class have been equally affected by Defendant's failure to pay proper wages.

51.    Members of the Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

52.    Plaintiff's claims are typical of those of the Class.  Plaintiff and the other Class Members were subjected to Defendant's policies, practices, programs, procedures, protocols, and plans alleged herein concerning the failure to pay proper wages. Plaintiff's job duties are typical of those of the class members.

## COMMON FACTUAL ALLEGATIONS

53.     Plaintiff and the Class Members are victims of Defendant's common policy and plan that violated their rights under the FLSA and NYLL by failing to pay them for all hours worked, including overtime hours.

54.     Plaintiff and Class Members worked in Defendant's factory in Geneva, New York.

55.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

56.     Plaintiff and the Class Members are victims of Defendant's common policy and plan that violated their rights under the FLSA and NYLL by rounding Class Members' time punches down, so as to deny Class Members all their earned wages.

57.     For example, during the workweek of January 16, 2022, through January 22, 2022, Plaintiff punched in and hour as follows:

    1/18 - 5:58 a.m. (in) and 6:03 p.m. (out)

    1/21 - 6:00 a.m. (in) and 6:02 p.m. (out)

    1/22 - 5:58 a.m. (in) and 6:05 p.m. (out)

58.     Defendant only paid Plaintiff for 36 hours of work, despite working 36 hours and 15 minutes.

59.     Plaintiff and Class Member regularly worked overtime.

60.     Plaintiff worked from about 6:00 am to 6:00 pm.

61.     He was scheduled to work two days on, two days off, three days on, and then three days off, in a repeating fashion.

62.     Given this schedule, Plaintiff regularly worked over 40 hours a week from the start and through to the end of his employment with Defendant.

63.   For example, from December 26, 2021, through January 1, 2022, Plaintiff worked 4.25 overtime hours, and from October 24, 2021, through October 30, 2021, he worked 7.98 overtime hours.

64.   As a result, any unpaid time during this week should have been paid at 1.5 times his regular rate.

65.   Although Plaintiff's regular hourly rate at the time was $19.7674, his overtime rate was greater than 1.5 times this regular hourly rate because he was also paid shift pay differentials, including a differential of $0.50 per hour plus another premium of $1.25 per hour.

66.   Plaintiff's rates, timekeeping, and schedule was typical of the Class.

67.   Class Members are not exempt from the overtime provisions of the FLSA or NYLL.

68.   Defendant was or should have been aware that the FLSA required that such non-discretionary incentive payments and bonuses must be included in an employee's regular rate of pay for overtime purposes.

69.   Defendant was or should have been aware that the FLSA and NYLL do not permit it to round its employees time down.

70.   This is particularly true, considering Defendant's size and sophistication.

71.   Defendant utilized sophisticated time and payroll systems that were capable of properly calculating the time worked by their employees.

72.   As a result of Defendant's unlawful rounding policy, Defendant failed to provide Class Members with accurate wage statements.  That is, Defendant did not accurately reflect the time worked by Class Members on their paystubs.

73.    This failure to provide accurate hours of work on the Class Members' paystubs hindered the Class's, including Plaintiff's, ability to recognize the underpayment and challenge it at the time of the payment.

74.    As a result, Defendant's failure to report Class Members' time accurately caused a delay in the payment of wages to Class Members.

75.    At all times relevant, Defendant's unlawful policy and pattern or practice has been either willful or in the absence of good faith.

76.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

77.    Upon information and belief, Defendant has employed the same wage-payment, bonus, and time-keeping structures at both facilities.

### FIRST CAUSE OF ACTION
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff and the Collective)**

78.    Plaintiff incorporates by reference all preceding allegations.

79.    Plaintiff and members of the Collective are employees entitled to be paid for all overtime hours worked.

80.    Defendant employed Plaintiff members of the Collective for workweeks in which Plaintiff and members of the Collective were not paid for all overtime hours worked as required by the FLSA.

81.    Plaintiff has expressed his consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A ("Consent").

82.    Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the Collective.

83.    Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

84.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the Collective incurred damages thereby and Defendant is indebted to them in the amount of the unpaid minimum wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Overtime Wages**
**(Brought on behalf of Plaintiff and the Class)**

85.    Plaintiff incorporates by reference all preceding allegations.

86.    Plaintiff and Class Members are employees entitled to be paid no less than the applicable overtime wage.

87.    Defendant employed Plaintiff and Class Members for workweeks in which Plaintiff and Class Members were not paid for all overtime hours worked as required by the NYLL.

88.    By the course of conduct set forth above, Defendant violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. §§ 142-2.1, 2.9.

89.    Defendant had a policy and practice of refusing to pay the proper overtime wage.

90.    Defendant's failure to pay overtime compensation at the proper rate to Plaintiff and the Class was willful or otherwise lacked sufficient good faith within the meaning of N.Y. Lab. Law § 663.

91.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff and Class Members incurred damages thereby and Defendant is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendant's unlawful and willful conduct, as the Court deems just and proper.

92.    Plaintiff, on behalf of himself and the Class, seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Regular Wages**
**(Brought on behalf of Plaintiff and the Class)**

93.     Plaintiff incorporates by reference all preceding allegations.

94.     Defendant automatically rounded Class Members' time down.

95.     During this time period, Plaintiff and Class members routinely worked without pay as a result of this rounding policy.

96.     The NYLL requires employers to compensate employees for all hours worked.

97.     Defendant failed to pay Plaintiffs and the Class non-overtime wages to which they are entitled under NYLL §§ 650, *et seq*., specifically NYLL § 661(3), and the supporting Miscellaneous Industry Wage Order.

98.     Defendant failed to pay Plaintiffs and the Class non-overtime wages to which they are entitled under NYLL §§ 191, *et seq*., specifically NYLL § 193, and the supporting Miscellaneous Industry Wage Order.

99.     Defendant's failure to pay non-overtime compensation to Plaintiffs and the Class was willful or otherwise lacked sufficient good faith within the meaning of NYLL.

100.    Due to Defendant's violations of the NYLL, Plaintiff and members of the Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiff and the Class)**

101.    Plaintiff incorporates by reference all preceding allegations.

102.    Defendant did not supply Plaintiff and members of the Class with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103.    Due to Defendant's violations of NYLL § 195, for each workweek that Defendant did not provide a proper wage statement, Plaintiffs and members of the Class are each entitled to damages of $250 per workday, or a total of $5,000 per class member, as provided for by NYLL § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

a.   The Court, at the earliest possible time, certify this case as a collective action, authorize the issuance of notice to the Collective, and permit putative Collective members to opt into this action;

b.   Certification of this case as a class action pursuant to Rule 23;

c.   Designation of Plaintiff as the class representative, and counsel of record as class counsel;

d.   Unpaid wages that were unlawfully deducted, reduced, and withheld pursuant to the FLSA and NYLL;

e.   Liquidated damages;

f.   Pre-judgment interest and post-judgment interest as provided by law;

g.   Appropriate equitable and injunctive relief to remedy violations;

h.    Attorneys' fees and costs of the action;

i.    A declaratory judgment that the practices complained of are unlawful;

j.   A reasonable incentive award for Plaintiff to compensate him for the time he spent and for the risks she took attempting to recover wages for the Class;

k.    Any other injunctive and equitable relief as this Court deems just and proper; and,

l.    Such other relief as this Court deems just and proper.

Dated: Melville, New York
       March 31, 2025

Respectfully submitted,

Garrett Kaske

**KESSLER MATURA P.C.**
Troy L. Kessler (#702019)
Garrett Kaske (#702393)
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
tkessler@kesslermatura.com
gkaske@kesslermatura.com

**LAW OFFICES OF RAPHAEL A. KATRI**
Raphael Katri (#702175)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
Telephone: (310) 940-2034
rkatri@gmail.com

*Attorneys for Plaintiff and the*
*Putative FLSA Collective and Class*

# Exhibit A

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against my current/former employer, Henkel US Operations Corp. and/or any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law.

2. During the past three years, there were occasions when I worked for Henkel US Operations Corp., I was not paid all overtime wages in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

3. I also consent to join any separate or subsequent action to assert my claims against Henkel US Operations Corp. and/or any related entities potentially liable.

Date: 03 / 20 / 2025

_Justin A. Carroll_
Signature

Justin Carroll
Print Name