UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**JUSTIN CARROLL**, *on behalf of himself and all others similarly situated*,

                Plaintiff,

vs.                                          Civil Action No.: 25-CV-06334 EAW/MJP

**HENKEL US OPERATIONS CORP.**,

                Defendant.

---

## JOINT PROPOSED DISCOVERY PLAN

Pursuant to the Order for Proposed Joint Discovery Plan (ECF No. 12), Plaintiff Justin Carroll, *for himself and all others similarly situated* ("Plaintiff") and Defendant Henkel US Operations Corp. ("Defendant") hereby submit this Joint Proposed Discovery Plan in advance of the Rule 16 conference scheduled for February 18, 2026.

### PRE-DISCOVERY

1. **Counsel.** The names of the attorneys or parties who will appear at the Rule 16 conference and their contact information.

    On behalf of Plaintiff:    Garrett D. Kaske, Esq.
                                     Telephone: (631) 499-9100
                                     E-Mail: gkaske@kesslermatura.com

    On behalf of Defendant:    R. Scott DeLuca, Esq.
                                     Telephone: 716.831.2715
                                     E-Mail: scott.deluca@ogletree.com

2. **Rule 26 meeting.** The date on which the meet and confer required by Rule 26(f) was held, along with the names of the attorneys or parties who participated in that meeting.

    The aforementioned counsel for the parties met-and-conferred via videoconference on January 28, 2026.

3. **Summary of claims.** A summary of the claims involved in the case.

    Plaintiff states that this is a class and collective action brought by Plaintiff Justin Carroll on behalf of himself and all similarly situated non-exempt, hourly-paid

factory workers employed by Defendant Henkel US Operations Corp. at its Geneva, New York facility.  Plaintiff alleges that Defendant violated the Fair Labor Standards Act and New York Labor Law by implementing an unlawful time-rounding policy that systematically rounded employees' punch-in and punch-out times downward in Defendant's favor, resulting in failure to pay workers for all hours worked, including overtime hours.  Plaintiff further alleges that Defendant failed to provide accurate wage statements as required by New York Labor Law § 195, as the paystubs did not accurately reflect the hours worked.  Plaintiff seeks unpaid wages, liquidated damages, attorneys' fees, and costs.

Defendant denies the material allegations in the Complaint and deny that they are liable to Plaintiff Justin Carroll or any member of the putative class for any amounts as alleged in the Complaint.  Defendant maintains that their employees were paid properly for all hours worked.

4. **Summary of discovery exchanged.** A summary of all discovery exchanged before the Rule 16 conference.

No discovery has been exchanged by the parties as of the date of this submission.

5. **ESI discussions.** Whether the attorneys or parties have discussed if any ESI will be produced and if the parties have entered into an ESI protocol.

It is expected that electronically stored information will be produced in this case. The parties are continuing to confer regarding e-discovery but do not currently expect that they will need to enter an ESI protocol.

6. **Protective orders.** Whether the attorneys or parties have discussed the necessity of a protective order, and if so, the parties' expected date of submission of a draft protective order to the Court for approval.

The parties anticipate submitting a proposed protective order in advance of disclosure of any confidential or proprietary information.

7. **Magistrate Judge jurisdiction.** Whether the parties consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). A form for consenting to magistrate judge jurisdiction is attached.

Parties do not consent ton Magistrate Judge jurisdiction.

## PHASE 1 DISCOVERY

8. **Initial disclosures.** The date for completion of initial disclosures required under Fed. R. Civ. P. 26(a)(1)(A), if not yet made. Alternatively, either party may state whether an exemption applies under Fed. R. Civ. P. 26(a)(1)(B).

February 27, 2026

9. **Mediation.** The parties should note that the Court requires mediation pursuant to its Alternative Dispute Resolution Plan, which is available on the Court's public website. Unless the case is exempt under the District's ADR Plan, the parties must submit proposed mediation dates as discussed herein. And they must comply with sub-paragraphs (a) through (d) below.

    a. The parties shall provide the date for completion of preliminary discovery necessary for a settlement conference or mediation.

        30 days in advance of any settlement conference or mediation.

    b. The parties shall also provide their proposed dates for: selection of a mediator; initial mediation session.

        Selection of a mediator: March 20, 2026

        Initial mediation session: May 15, 2026

    c. Once the parties select a mediator, they must sign and file on the docket the Court's form stipulation selection of mediator, available here: https://www.nywd.uscourts.gov/sites/nywd/files/stip_selection_of_m ediator_0.pdf.

    d. Any motion to opt out of mediation is due no later than 14 business days following the Rule 16 conference scheduled in this matter.

        Motion to Opt Out of Mediation: March 4, 2026

10. **Limitations on discovery.** Any changes in the limitations on discovery as provided in Fed. R. Civ. P. 30 (depositions), Fed. R. Civ. P. 33 (interrogatories), and Fed. R. Civ. P. 34 (document requests).

    No modifications of limits on discovery requested at this time.

## PHASE 2 DISCOVERY

11. **Motions to amend or join parties.** The date for filing any motions to amend or join parties, to be made returnable before me, unless directed otherwise by the assigned District Judge. Any motion to amend the pleadings to add claims or join additional parties filed after the court-approved deadline will be denied absent a showing of good cause under Fed. R. Civ. P. 16(b)(4). *See Sacerdote v. New York University*, 9 F.4th 95, 115 (2d. Cir. 2021).

    March 31, 2026

12. **Motion for Class Certification pursuant to FED. R. CIV. P. 23.**

    July 13, 2026

13. **Close of fact discovery.** The parties shall provide the date for completion of all fact discovery.

    November 30, 2026

14. **Motions to compel.** The parties shall provide a date by which they will file motions to compel.

    October 30, 2026

15. **Experts.** The parties shall state if they anticipate retaining expert witnesses in this case. The parties shall provide date(s) for the exchange of expert reports and for the close of all expert discovery.

    January 15, 2027: Plaintiff's deadline to identify expert witnesses and disclose expert reports.

    February 19, 2027: Defendant's deadline to identify expert witnesses and disclose expert reports.

    March 19, 2027: Plaintiff's deadline to identify rebuttal expert witnesses and disclose rebuttal expert reports.

    April 30, 2027: Parties' deadline to complete expert witness depositions.

16. **Dispositive motions.** The parties shall supply a date by which they will file dispositive motions. If no dispositive motions are filed by that date, I will consider the case ready for trial and refer it back to the District Judge for scheduling.

    June 11, 2027

17. **Trial.** The parties shall advise if a jury trial is requested and the estimated length of the same.

    A jury trial is NOT requested.

    Estimated length of time of trial: three (3) to four (4) days.

****

DATED:   Buffalo, New York
         February 11, 2025

| **KESSLER MATURA P.C.** | **OGLETREE, DEAKINS, NASH,** |
|---|---|
| | **SMOAK & STEWART, P.C.** |

_____          _____/s/ R. Scott DeLuca_____
Troy L. Kessler, Esq.                                    Rebecca J. Bennett, Esq.
Garrett D. Kaske, Esq.                                   R. Scott DeLuca, Esq.
534 Broadhollow Road, Suite 275              Seneca One Tower
Melville, NY 11747                                         1 Seneca Street, Suite 1075
Phone: (631) 499-9100                                  Buffalo, New York 14203
E-Mail: gkaske@kesslermatura.com         Phone: (716) 831-2715
                                                                        E-Mail: rebecca.bennett@ogletree.com;
**LAW OFFICES OF RAPHAEL A. KATRI**        scott.deluca@ogletree.com

Raphael A. Katri, Esq.
8549 Wilshire Blvd., Ste. 200                      *Attorneys for Defendant*
Beverly Hills, CA 90211
Phone: (310) 940-2034
E-Mail: rkatri@socallaborlawyers.com

*Attorneys for Plaintiff*